IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

QUINN AARON KLEIN,              )
                                )
            Petitioner,         )
                                )
                                )   CIV-13-545-F
v.                              )
                                )
JANET DOWLING, Warden,          )
                                )
            Respondent.         )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se* and a well-known prolific litigant in this Court, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1] The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be DISMISSED on filing as untimely and as an abuse of the writ.

In his Petition, Petitioner seeks habeas relief concerning a 2006 order revoking a suspended sentence entered in the District Court of Lincoln County, Oklahoma, Case No. CF-1996-134, for a second degree burglary conviction. Petitioner alleges as grounds for

---

[1] As Petitioner alleges he is challenging only the revocation of his sentence, his action is properly characterized as a 28 U.S.C. § 2241 petition. See Stoltz v. Sanders, 242 F.3d 390 (Table), 2000 WL 1730894 (10th Cir. 2000)(unpublished op.)("To the extent Mr. Stoltz is challenging the revocation of his sentence, we construe his petition as filed under 28 U.S.C. § 2241 because it challenges the execution of his sentence, rather than its validity."). See also Butler v. Parker, 2012 WL 10524 (W.D. Okla. Jan. 3, 2012)(unpublished op.)(Order, DeGiusti, D.J.)(finding petition was correctly construed as 28 U.S.C. § 2241 petition because petitioner sought relief from revocation of suspended sentences).

1

habeas relief that he was denied a speedy trial, that the district court illegally revoked a sentence that had previously expired in 2003, that prosecutorial misconduct occurred because the "[p]rosecutor failed to pursue Revocation," and that he was denied effective assistance of counsel because his defense attorney was unprepared and did not "assure advisement of right to appeal by Judge." Petition, at 6-7.

The Court's records reflect that Petitioner has previously challenged the same revocation. In June 2010, Petitioner filed a 28 U.S.C. § 2254 habeas action challenging the Lincoln County conviction. In Case No. CIV-2010-603-F, Petitioner sought habeas relief concerning the same 2006 revocation of his suspended sentence entered following his guilty plea to a charge of second degree burglary in Lincoln County District Court, Case No. CF-1996-134. Former United States Magistrate Judge Argo entered a Report and Recommendation in that case on February 8, 2011, finding that Petitioner's habeas action was untimely under 28 U.S.C. § 2244(d)(1)(A) and recommending dismissal of the action on this basis. Klein v. Franklin, 2011 WL 1467782 (W.D. Okla. Feb. 8, 2011)(unpublished op.). That Report and Recommendation was adopted by United States District Judge Friot, Klein v. Franklin, 2011 WL 1467780 (W.D. Okla. Apr. 18, 2011)(unpublished op.), and the Tenth Circuit Court of Appeals denied a certificate of appeal on August 24, 2011. Klein v. Franklin, Case No. 11-6011, 437 Fed.Appx. 681 (10th Cir. Aug. 24, 2011)(unpublished op.).

Both Judge Argo and the Tenth Circuit Court of Appeals made extensive factual findings concerning Petitioner's conviction and sentence in Case No. CF-1996-134 and the revocation of his sentence in that case. This Court and the appellate court also addressed and

2

rejected Petitioner's arguments that his petition was timely filed for various reasons. Significantly, the appellate court concluded

> that the applicable limitations provision in this case is subsection (A), in which the statute begins running on the date the judgment of conviction becomes final. 28 U.S.C. §2244(d)(1)(A). Under this criterion, Klein's habeas petition is clearly time barred. The state court revoked Klein's suspended sentence on May 31, 2006. Under the Oklahoma Rules, Klein had ten days from that date to appeal the revocation order. Burnham v. State, 43 P.3d 387, 390 (Okla. Crim. App. 2002). Since Klein did not appeal the revocation order, the order became final on June 12, 2006, meaning that Klein had until June 12, 2007 to file a habeas petition. Because Klein did not file a state or federal habeas petition until well after that date, reasonable jurists would agree that the district court properly dismissed his petition as untimely.

Klein v. Franklin, 437 Fed.Appx. at 684 (footnotes omitted).

For the same reasons given by the Tenth Circuit Court of Appeals in his previous §2241 action, Petitioner's instant § 2241 challenge to the same sentence revocation is untimely. Additionally, the present § 2241 Petition is a second or successive petition. See Shirley v. Davis, 2013 WL 1136960 (Table), * 1 n. 1 (10th Cir. 2013)(unpublished op.)(recognizing "the dismissal of a § 2254 petition as time-barred is a decision on the merits for purposes of determining whether a subsequent petition is second or successive")(citing cases).

The Tenth Circuit Court of Appeals has determined, at least for § 2241 petitions brought by federal prisoners, that pre-authorization from the circuit court is not required before a state prisoner may file a second or successive petition under § 2241. Stanko v.

3

Davis, 617 F.3d 1262, 1269 (10th Cir. 2010)("Habeas petitions brought under § 2241 are not mentioned anywhere in § 2244(b). Accordingly, the requirement for prior circuit authorization contained in § 2244(b)(3) does not apply to habeas petitions brought under §2241."). See 28 U.S.C. § 2244(b)(3)(A)("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Additionally, the circuit court has "stated in several unpublished decisions that 'prior authorization from a court of appeals is not necessary to file a successive § 2241 petition.'" Tuggle v. Addison, 247 Fed.Appx. 155, 157 (10th Cir. 2007)(quoting White v. McKinna, No. 06-1069, 2006 WL 1234867, at *1 (10th Cir. May 2. 2006)(unpublished op.)). See Shirley, 2013 WL 1136960 (Table), at *2 ("Although a state habeas petitioner requires authorization from this court under 28 U.S.C. § 2244(b) to proceed with § 2254 claims . . . such an authorization is not required for § 2241 claims.").

Petitioner has raised claims, including ineffective assistance of counsel and the illegal revocation of an expired sentence, that he raised in his previous § 2241 petition, and he has also asserted new claims of prosecutorial misconduct and denial of speedy trial. With his Petition, Petitioner has clearly abused the writ. See McCleskey v. Zant, 499 U.S. 467, 489 (1991)(discussing doctrine of abuse of writ and holding "a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice"); Lambros v. Booker,

4

216 F.3d 1087 (Table) (10th Cir. 2000)(unpublished op.)("[A] second or subsequent § 2241 petition which raises a new claim, which could have been raised in an earlier petition, should be dismissed as abusive under § 2244(a), absent a showing of either cause and prejudice or a fundamental miscarriage of justice."). See also Marques v. Abbiott, 100 Fed.Appx. 722, 724 (10th Cir. 2004)(unpublished op.)(holding petitioner had abused the writ by filing successive § 2241 petition after previous § 2241 petition raising an identical issue was dismissed as untimely). As the Supreme Court has observed, such "[p]erpetual disrespect for the finality of convictions disparages the entire criminal justice system." McCleskey, 499 U.S. at 492.

Accordingly, the Petition should be dismissed with prejudice as untimely and an abuse of the writ. Because the instant Petition, as was the previous § 2241 Petition challenging the same sentence revocation, is not timely filed, it is not necessary to give Petitioner the opportunity to establish cause and prejudice or a miscarriage of justice. Cf. id. at 494 (cause-and-prejudice analysis applies to abuse-of-the-writ inquiry, and to excuse a failure to raise claim earlier petitioner must show cause for failing to raise it and prejudice therefrom or establish miscarriage of justice from failure to review merits of new claim). However, Petitioner has the opportunity to object to this Report and Recommendation, and he may use that opportunity to express any grounds he may wish to raise in an effort to excuse his abuse of the writ.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2241 be DISMISSED on filing with prejudice as untimely and an abuse of the writ. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by     June 18th, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this    29th    day of    May   , 2013.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE